Mary M. TOYE, Appellant,

v.

Leo A. TOYE, Appellee.

No. 2715.

Municipal Court of Appeals for the District of Columbia.

Argued March 6, 1961.

Decided May 19, 1961.

Maurice R. Weeks, Washington, D. C., for appellant.

J. Franklin Bourne, Washington, D. C., for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

HOOD, Associate Judge.

Appellant, alleging a common-law marriage between herself and appellee, sued for a divorce on the ground of five years' voluntary separation.[1] Though personally served, appellee did not appear and was represented by court-appointed counsel. The trial court held that appellant's evidence failed to establish a common-law marriage and dismissed the complaint. Appellant says this was error.

 Common-law marriages are recognized as valid in this jurisdiction. Hoage v. Murch Bros. Const. Co., 60 App.D.C. 218, 50 F.2d 983. It is essential to the validity of such a marriage that parties, legally capable of entering into that relationship, mutually consent or agree to do so, and that the agreement be consummated by cohabitation. Cohabitation and reputation alone are not sufficient. Cohabitation must follow an express agreement to be husband and wife. United States Fidelity & Guaranty Co. v. Britton, 106 U.S.App. D.C. 58, 269 F.2d 249.

In the present case cohabitation and reputation were proved. Our question is whether there was proof of an agreement to be husband and wife.

Appellant testified that in March 1949 she and appellee "agreed to live under the

1. Code 1951, § 16–403.

same household"; that "it was just one of those things where we just didn't bother to go through any ceremony"; that they agreed to get an apartment "and get married later on"; and that when she saw marriage "wasn't going to take place," she left appellee; that this separation was agreeable to her and, as far as she knew, it was agreeable to appellee.

It is possible this testimony would have supported a finding that there was an express agreement between the parties to be husband and wife, and that such agreement was followed by cohabitation in good faith; but the evidence was certainly not so overwhelmingly clear as to compel such a finding. The trial court, as trier of the facts, was free to conclude, as it did, that the parties never expressly agreed to be husband and wife, and that, in the words of the trial court: "The most that plaintiff ever obtained from defendant was a promise to marry her, which he never kept."

Affirmed.